UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| KERRY CIMBALO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:21-cv-309-DJH |
| BASF CORPORATION, | ) ) ) |
| Defendant. | ) ) |

**NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, BASF Corporation ("BASF"), by counsel, removes to this Court the action brought by Plaintiff, Kerry Cimbalo ("Cimbalo"). In support, BASF states:

**I.    Removal is timely.**

1. On or about April 21, 2021, Cimbalo filed a civil action against BASF in the Jefferson County Circuit Court, 21-CI-002307. Copies of the summons, complaint, and orders are attached as Exhibit A, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on BASF in this action.

2. BASF was served with the Complaint on April 26, 2021, by certified mail.

3. As required by 28 U.S.C. § 1446(b), BASF is timely filing this notice of removal within 30 days after service of process. *See, e.g., State Farm Auto. Ins. Co. v. Vanhoet*, No. 3:16-CV-253-JHM, 2016 WL 5868088, at *1, *2 n.2 (W.D. Ky. Oct. 6, 2016) (holding defendant's notice of removal was timely filed 32 days after the case became removable, reasoning "the timing

rules of Rule 6 of the Federal Rules of Civil Procedure apply to calculations of time under 28 U.S.C. §§ 1441 and 1446").

**II.     Venue is proper.**

4.      The Jefferson County Circuit Court is located within the Louisville Division of the Western District of Kentucky. 28 U.S.C. § 97(b). Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**III.    Diversity jurisdiction exists.**

5.      This action is properly removable under 28 U.S.C. § 1441(a), because the U.S. District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides the following: "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states . . . ."

    **A.      The amount in controversy exceeds $75,000.**

6.      This is an action to recover damages for alleged violations of the Kentucky Civil Rights Act ("KCRA").

7.      BASF denies liability and denies Cimbalo's assertions of damages. Cimbalo's complaint does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332. Based upon Cimbalo's allegations, however, the amount in controversy is more than $75,000, exclusive of interests and costs.

8.      In seeking removal, BASF must show it is more likely than not the amount in controversy exceeds $75,000, exclusive of interests and costs. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). "The preponderance standard is a moderate burden that balances the defendant's right to remove and the federal interest in limiting diversity jurisdiction. It does not

place upon the defendant the daunting burden imposed by the legal certainty test, to research, state, and prove the plaintiff's claim for damages." *Garrett v. State Auto Prop. & Cas. Ins. Co.*, No. CIV.A. 3:09-CV-404-S, 2009 WL 5125812, at *1 (W.D. Ky. Dec. 21, 2009) (citing *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D.Ky.1994)).

9. 28 U.S.C. §1446(c)(2)(A)(ii) provides that a Defendant may assert the amount in controversy if state practice "either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." Such is the case in Kentucky, as "Kentucky Rule of Civil Procedure 8.01(a) only allows for a 'short and plain statement . . . showing that the pleader is entitled to relief'" and, therefore, even if a plaintiff were to include an "exacting statement in her Complaint" concerning the amount in controversy, it would not be "procedurally proper, and could be ignored or amended at a later time in these proceedings." *Cook v. Moore*, 2012 WL 5398046 (W.D. Ky. Nov. 2, 2012); *see also Carneal v. Travelers Casualty Ins. Of America,* 2013 WL 85148 (W.D. Ky. Jan. 7, 2013), ("Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings"). As set forth below, it is more likely than not that the amount in controversy exceeds $75,000.

10. Cimbalo seeks compensatory damages, including, but not limited to, damages for past and future lost wages, past and future lost benefits, emotional distress, mental anguish, humiliation, and pain and suffering, as well as punitive damages, statutory attorney's fees, costs, expenses, and statutory interest. <u>Exhibit A</u>, Compl., pp. 5-6.

11. Under Ky. Rev. Stat. § 344.050, a person who proves discrimination may recover actual damages, attorney's fees, and costs. "Actual damages" includes compensatory damages for emotional distress, humiliation, personal indignity, and other intangible injuries. *See Childers Oil*

*Co. v. Adkins*, 256 S.W.3d 19, 28 (Ky. 2008). Actual damages also may include front pay. *See Brooks v. Lexington-Fayette Urban Cnty. Hous. Auth.*, 132 S.W.3d 790, 806 (Ky. 2004).

12. The KCRA specifically provides for the recovery of attorney's fees, and, as a result, attorney's fees may be included in determining the amount in controversy for removal purposes. *See* Ky. Rev. Stat. § 344.450; *see also Williamson*, 481 F.3d at 377 (holding statutorily authorized attorney's fees may be considered for purposes of establishing the amount in controversy for diversity jurisdiction); *Parrigin v. Pfaff Indus. of Am., Inc.*, No. 1:06-CV-160-R, 2006 WL 3759585, at *1, *3 (W.D. Ky. Dec. 19, 2006) ("KRS 344.450 provides for an award of reasonable attorney fees. When a state statute mandates the award of attorney fees, the attorney fees should be considered to determine whether the amount in controversy is sufficient to establish jurisdiction").

13. Given Cimbalo's salary, the amount of time until the trial of this matter will occur, the potential to recover damages for back pay, front pay, and emotional distress, as well as her ability to recover attorney's fees, the amount in controversy exceeds $75,000, exclusive of interests and costs.

**B.  Complete diversity of citizenship exists between the parties.**

14. Cimbalo is a citizen of the Commonwealth of Kentucky. Exhibit A, Compl. ¶ 2.

15. BASF is a corporation organized and incorporated in Delaware, and having its principal place of business in New Jersey. Thus, BASF is a citizen of Delaware and New Jersey under 28 U.S.C. § 1332.

16. Complete diversity of citizenship exists, and this case is removable under 28 U.S.C. § 1441(b).

**IV.   Conclusion**

17.   Under 28 U.S.C. § 1446, copies of this notice of removal will be promptly served upon Cimbalo's counsel and filed with the Clerk of the Jefferson County Circuit Court. A copy of BASF's notice of filing to the Jefferson County Circuit Court is attached as <u>Exhibit B</u>.

18.   By removing this matter, BASF does not waive or intend to waive any defense, including, but not limited to, insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant BASF respectfully requests this Court to take jurisdiction of this action and issue all necessary orders and process to remove it from the Jefferson County Circuit Court to the U.S. District Court for the Western District of Kentucky.

Dated this 14th day of May 2021.

Respectfully submitted,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

<u>s/ Jennifer S. Rusie</u>
Jennifer S. Rusie, Ky. Bar No. 97123
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, Tennessee 37219-2446
Telephone:  (615) 254-1900
Facsimile:  (615) 254-1908
Email:  jennifer.rusie@ogletree.com

Attorneys for Defendant
BASF Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2021, the foregoing Notice of Removal was served via U.S. Mail upon the following:

Thomas R. Coffey
401 South Fourth Street, Suite 1200
Louisville, KY  40202

Attorney for Plaintiff

*/s/ Jennifer S. Rusie*
Jennifer R. Rusie

47021542.1